**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

**ROBERT PHILPOTT**                                                    **PLAINTIFF**

**v.**                         **Case No. 2:25-CV-02141-DCF**

**SEBASTIAN COUNTY SHERIFF'S OFFICE, et. al.**          **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

The Court has received a Report and Recommendation (Doc. 26) from Magistrate Judge Mark E. Ford, and Plaintiff timely filed his Objection (Doc. 27). The matter is now ripe for consideration.

After careful review, the Court concludes that the Report and Recommendation should be, and hereby is, approved and adopted in all respects and in its entirety as this Court's findings.

Plaintiff Robert Philpott, proceeding *pro se*, has failed to pay his filing fee after his *in forma pauperis* (IFP) status was revoked based on the "three strikes rule," which states that a prisoner may not obtain IFP status when three of his previous actions were dismissed as frivolous, malicious, or for failing to state a claim. *See* 28 U.S.C. § 1915(g). While an exception exists for those in imminent danger of serious physical injury, Plaintiff has not shown that this exception applies in his case. As such, the Magistrate Judge has recommended this case be DISMISSED WITHOUT PREJUDICE. The Court agrees.

1

## I.    BACKGROUND

Plaintiff filed his complaint on November 3, 2025, seeking relief under 42 U.S.C. § 1983 based on an alleged sexual assault perpetrated against him by the Defendants while he was housed in an adult detention center in Sebastian County Jail when he was 15 years old in 1997.  (Doc. 1).  While he was granted IFP status that same day (Doc. 3), it was later determined that the three strikes rule applied, and his IFP status was revoked (Doc. 25).  Plaintiff was ordered to pay the filing fee of $405.00 by February 19, 2026, which he did not do.  Instead, on March 27, 2026, he filed his Objection to the Magistrate Judge's Report and Recommendations (R and R) in this case.  (Doc. 27).

Plaintiff argues that his case should proceed despite his failure to pay the filing fee because the three strikes rule that caused his IFP status to be revoked is unconstitutional.  (Doc. 27).  Alternatively, Plaintiff requests his case be remanded for adjudication in state court.  (*Id.*).  After careful consideration, the Court concludes that Plaintiff's Objection should be, and hereby is, overruled.

## II.    DISCUSSION

A *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Under Local Rule 5.5(c)(2), *pro se* litigants are expected to be familiar with and follow the Federal Rules of Civil Procedure, which warn that a case may be dismissed for

a plaintiff's failure to prosecute his case or for a failure to comply with court orders. Fed. R. Civ. P. 41(b). Plaintiff essentially insists the Court allow this case to proceed on the merits despite his failure to obey the Court's Order to pay the filing fee and, therefore, properly prosecute this matter. (Doc. 27). The Court declines to do so.

Other than merely mentioning the Eighth Amendment, Plaintiff provides no support for his argument that the three strikes rule and the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 9115(g), are unconstitutional. "Section 1915(g) applies only to civil actions, and indigent inmates are not denied IFP status for potentially nonfrivolous civil claims unless and until they file three meritless suits." *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). The indigent inmate risks "being denied IFP status for future nonfrivolous § 1983 actions" when he chooses "to continue filing frivolous, malicious, and meritless suits after receiving notice of dismissals that would count as § 1915(g) strikes." *Id.* Thus, it is the indigent inmate who controls whether the three strikes rule is applied to him. *Id.* In addition, Section 1915 does not close the courthouse doors to frequent filers like Plaintiff because he can still file his suit by paying the full filing fee. *See Ashley v. Dilworth*, 147 F.3d 715, 716-17 (8th Cir. 1998) (per curium). He chose not to do so here.

Because Plaintiff has already filed suit about this matter in state court, his

3

alternative request to remand this case to state court is moot. "Federal district courts have original jurisdiction over Section 1983 claims, notwithstanding the fact that they share jurisdiction with the courts of the state in which they sit." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). While this Court lacks discretion to remand a Section 1983 claim based solely on a plaintiff's preference for state court, it does not bar a plaintiff from filing suits in other courts. And Plaintiff appears to have done so here. (Doc. 27).

### III.   CONCLUSION

For the foregoing reasons, the Court finds proper the Report and Recommendation (Doc. 26) and overrules Plaintiff's Objection (Doc. 27). As such, the Court **ADOPTS IN ITS ENTIRETY** the Report and Recommendation of the Magistrate Judge. Accordingly, Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 7th day of May 2026.

/s/ David Clay Fowlkes
DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE

4